Filed 12/23/25  J.A. v. J.C. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| J.A., | B345733 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23PSPT00262) |
| v. | |
| J.C., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Lisa R. Washington, Judge.  Affirmed.

J.C., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant J.C. (father) appeals in propria persona from a domestic violence restraining order and child custody order obtained by respondent J.A. (mother).  There is no appearance by mother.  As set forth below, the record on appeal is inadequate to address father's challenges.  Accordingly, we affirm by memorandum disposition.

On January 2, 2025, mother requested a domestic violence restraining order against father, with whom she shares a child. The request itself is not in the record on appeal, although mother's supporting declaration is.

In the declaration, mother states the court previously had granted her sole legal and physical custody of the child, and granted father "non-professional supervised visitation on alternate weekends, not to exceed eight hours per visit."[1]  In support of the restraining order request, mother describes a conversation with father about their child and father's religious beliefs concerning death, which alarmed her.  She also describes an incident in which father became angry and damaged property at father's mother's house, and an incident in which father took an urn from mother's house containing the ashes of another shared child that died shortly after birth.

Father filed a response to the restraining order request on January 29, 2025.  In the response, father described amicable occasions involving father, mother, and the child.  He speculated that his struggles with lupus caused mother to view him as an inadequate parent.  He disputed that his religious conversation with mother was cause for alarm, explaining he merely intended

---

[1]  The record on appeal does not contain the custody order referenced in mother's declaration.

2

to convey his belief in an afterlife. He "categorically den[ied]" ever being an "aggressor" towards mother, her family, or their child. (Capitalization omitted.)

The family law court heard the restraining order request on January 30, 2025. Although a court reporter was present, a transcript of the hearing is not in the record on appeal. According to the minute order, the court admitted into evidence eight photographs offered by mother, and both mother and father testified.

The court granted the restraining order request for a period of five years. The court "awarded sole legal custody" and "sole physical custody" to mother, and granted father professionally monitored visitation for up to six hours every other week.

Father timely appealed. On appeal, he claims the family law court allowed mother to present witnesses and evidence without prior notice to father, in particular "testimony attributed to [father's] mother and sister," and "photographs, video evidence, and narrative claims." Father claims he "had no opportunity to examine, authenticate, or rebut these materials," but the court "relied on them heavily in its ruling." He further contends the court admitted evidence of "wall stains as proof of 'animal sacrifice,' despite no forensic testing, no expert testimony, and no chain of custody," and admitted other evidence without weighing its probative value against its potential prejudice under Evidence Code section 352. He asserts the court accepted mother's declaration without corroborating evidence or authentication. He claims the court exhibited "judicial bias" by accepting mother's claims "without further examination" and "minimizing or disregarding [father's] objections." Father also asserts the family law court violated his constitutional rights by using his

3

"Christian faith as evidence of danger or instability." He contends he has suffered "irreparable reputational harm," as well as "significant mental and emotional distress" due to the court's ruling.

Father has not provided an adequate record to demonstrate error. "It is [the appellant's] burden to provide an adequate record on appeal. [Citation.] To the extent the record is inadequate, we make all reasonable inferences in favor of the judgment." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1048, fn. 1.) Here, we lack a reporter's transcript of the restraining order hearing, and therefore have no record of the purported errors father describes, all of which concern evidentiary rulings and factual findings purportedly made by the family law court at the hearing. Nor do we have a complete account of the arguments and evidence presented to the court. Without that record, we cannot determine if the family law court erred, and therefore must presume its rulings are correct.

## DISPOSITION

The orders are affirmed. No costs are awarded.
NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.

4